**ATCHISON**
*v.*
**PARKS.**

2  307
46  738

## EDWARDS, Curator, *v.* FARRAR.

A case will not be continued in order to allow a party to procure the evidence of witnesses absent from the State, where no diligence has been used to obtain their testimony.

A person having been objected to on account of his exemption as a school commissioner from liability to serve as a juror, waived his privilege, and was sworn. After the pannel had been formed, on being asked a question by defendant, he stated that he did not like to serve, as he felt interested in the case, and that he did not know the nature of the case when he was objected to. *Held*: That the juror was properly discharged, and another sworn in his place.

APPEAL from the District Court of Concordia, *Curry*, J. *R. N.*, and *A. N. Ogden*, for the plaintiff. *Stockton* and *Steele*, for the appellant. The judgment of the court was pronounced by

KING, J. The defendant is sued, in this action, as one of the makers of a joint and several promissory note, on which partial payments have been made, and he sets up in defence a failure of consideration. The cause was tried by a jury, who gave a verdict in favor of the plaintiff, for the sum claimed, with interest from judicial demand, and the defendant has appealed.

EDWARDS
*v.*
FARRAR.

The only questions which arise in this case, are presented in a bill of exceptions taken to the opinion of the judge, refusing an application of the defendant's to continue the cause, in order to procure the testimony of witnesses who were absent from the State, and to his permitting a juror to be withdrawn after he had been sworn, and another to be substituted in his place. The judge, in assigning his reasons, states that the continuance was refused mainly on the ground, that no diligence was shown in procuring the evidence stated in the affidavit, and that the continuance appeared to be asked for solely for delay, as a similar affidavit and motion had been made at a previous term of the court. The previous affidavit referred to by the judge is annexed to the bill of exceptions, from which it appears that nearly a year had elapsed after the continuance, granted for the purpose of procuring the testimony of the witnesses named in the last application, and the record shows no measures taken to procure their depositions. We think that the continuance was properly refused.

As regards the withdrawal of the juror, it appears that a person was called to serve as a talesman, who was a school commissioner, and, in virtue of his office, exempt, by law, from serving on juries. He was objected to by the defendant*, but, as he declined to avail himself of his privilege, the judge ordered him to be sworn, which was accordingly done. After the pannel had been formed, the judge states that this juror, "upon being asked a question by the defendant, said he did not like to sit in the case, as he felt interested; that he did not know the nature of the case, when he was interrogated in relation to his right of exemption from serving as a juror and when he was sworn." The judge thereupon discharged the juror and caused another to be sworn in his place, and we think that he was clearly right in doing so, when the juror declared that he felt he had an interest in the suit.

Upon the merits, the verdict of the jury is supported by the evidence.

*Judgment affirmed.*

---

The defendant objected to him on the ground of his exemption.